IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KISHA SINGLETARY,

   Plaintiff,

v.

UNITED STATES OF AMERICA,

   Defendant.

Case No. 4:24cv478-MW/MAF

**GOVERNMENT'S MOTION FOR MORE DEFINITE STATEMENT OF COUNT I AND TO DISMISS COUNT 2**

This is a case brought under the Federal Tort Claims Act by a former federal prisoner alleging sexual abuse. In the complaint, the plaintiff Kisha Singletary alleges that a Federal Bureau of Prisons officer sexually abused her while she was in inmate at FCI-Tallahassee, and that BOP is liable for negligence and assault and battery. But, as to negligence (Count 1), the complaint is too vague and ambiguous to reasonably prepare a response. And the FTCA only waives sovereign immunity for acts or omissions within the federal employee's scope of employment, and sexual assault is certainly not under Florida law (as to Count 2). Accordingly, the Court should order

1

a more definite statement of Count 1 (negligence) of the complaint and dismiss Count 2 (assault/battery) for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(e), 12(b)(1) (respectively).

## BACKGROUND

The facts alleged in the complaint, assumed here to be true, and those otherwise properly considered, are these. Ms. Singletary is a former federal prisoner. ECF 1 ¶12. She arrived at FCI Tallahassee in 2022. ECF 1 ¶12. In April or May 2022, Ms. Singletary says a BOP law enforcement officer began sexually harassing her and ultimately sexually assaulted her.[1] ECF 1 ¶¶25-31. This alleged behavior ended in July 2022. ECF 1 ¶34. Ms. Singletary says that the BOP officer once "screamed at [her] in front of another officer in a way that would have made it obvious that there was a sexual relationship." ECF 1 ¶33. But there are no details in the complaint showing who at BOP other than the officer were aware of any sexual abuse of this plaintiff by the officer and acted negligently in response to it.

---

[1] The officer named in the complaint was convicted of sexual abuse of a different prisoner in another case in this district. See generally *United States v. Hatten*, 4:23cr18-RH/MAF (N.D. Fla.).

2

## ARGUMENT

The Court should dismiss Count 2 for lack of subject matter jurisdiction and order a more definite statement of Count 1. Those issues are taken in reverse order here because elimination of the former focuses the issues on the latter.

**I.   The Court does not have subject matter jurisdiction over Count 2 because sexual abuse is not within a BOP employee's scope of employment under Florida law.**

The plaintiff asserts the Court has jurisdiction under 28 U.S.C. §1346. In that the statute, the FTCA, the government waives sovereign immunity and gives federal courts subject matter jurisdiction over claims against the United States for money damages "for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government *while acting within the scope of his office or employment*, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. §1346(b) (emphasis added). If there is not a waiver of immunity, a court lacks subject matter jurisdiction over the suit. See *Zelaya v. United States*, 781 F.3d 1315, 1322 (11th Cir. 2015). The United States may

condition its waiver of immunity. Such exceptions to the consent to be sued "must be strictly construed in favor of the United States." See *JBP Acquisitions, LP v. U.S. ex rel. F.D.I.C.*, 224 F.3d 1260, 1263 (11th Cir. 2000).

Whether a federal officer is "acting within the scope of his office or employment" is thus a threshold jurisdictional issue properly resolved on a motion to dismiss under Fed. R. Civ. P. 12(b)(1). *See Brownback v. King*, 141 S. Ct. 740, 749 (2021) (characterizing "acting with the scope of . . . employment under the FTCA as a 'jurisdictional element' "); *Dolan v. United States*, 514 F.3d 587, 593 (6th Cir. 2008) ("Whether an employee was acting within the scope of his employment is a question of law, not fact, made in accordance with the law of the state where the conduct occurred."); *Johnson v. United States*, 534 F.3d 958, 963–64 (8th Cir. 2008) (granting Rule 12(b)(1) motion and stating that whether an alleged tortfeasor's acts were within the scope of his employment was a "threshold requirement to establish jurisdiction under the FTCA").

Florida law governs the scope-of-employment issue. *Hunter v. United States*, 825 F. App'x 699, 701 (11th Cir. 2020). Under Florida

4

law, an employee's conduct is within the scope of employment when it "(1) is of the kind the employee is hired to perform, (2) occurs substantially within the time and space limits authorized or required by the work to be performed, and (3) is activated at least in part by a purpose to serve the master." *Id.* at 701–02 (quotation omitted). Florida courts have generally held that sexual assaults are outside the scope of an employee's employment.

The sexual assault of an inmate is a punishable offense that is not within the scope of a federal correctional officer's employment. It is neither the kind the officer was hired to perform nor were motivated in any way to serve the purpose of the employer. As another judge of this Court echoed the Eleventh Circuit, it "blinks reality" to suggest otherwise." *Simon v. United States*, 4:22cv321-WS/MAF, ECF 16 at 4 (N.D. Fla. June 6, 2023) (quoting *Hunter*, 825 F. App'x at 702).

Accordingly, because the wrongful acts alleged in Count 1 are not within the scope of the identified employee's employment, Count 1 must be dismissed for lack of subject matter jurisdiction.

## II. A more definite statement of facts underlying Count 1 is required to prepare a responsive pleading.

Because the sexual assault of an inmate is clearly beyond the

scope of employment under Florida law, the plaintiff's negligence claim requires properly alleging that someone *other than* the officer allegedly committing the sexual abuse was negligent. Rule 12(b)(6) requires the plaintiff to allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Whether Count 1 does that is arguable, and there may well be applicable exceptions to the FTCA sovereign immunity waiver (*e.g.*, discretionary functions). But dismissal of Count 2 is not the relief sought at this time.

What is sought now are allegations specific enough to answer appropriately. Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." It "must point out the defects complained of and the details desired." *Id.*

The rule requires more details than the complaint provides. Generalized criticisms of BOP policy (decisions likely subject to the discretionary function exception to the FTCA sovereign immunity waiver), which the complaint relies heavily upon, are clearly not

6

sufficient to state a claim for negligence. But the complaint allegations relating to the plaintiff are so vague they are impossible to fairly investigate, evaluate, and respond to. See Fed. R. Civ. P. 11.

For example, the complaint alleges that the officer abused the plaintiff on an occasion and "[o]ther officers were aware of what was happening, no one said or did anything." ECF 1 ¶28. What does that mean? Did someone supposedly observe a sexual assault and not report it? Or did someone hear a rumor and discount and/or not act on it? Something else? Who knows?  Elsewhere it says "officers and staff at FCI Tallahassee knew of the abuse she faced from Hatten and allowed it to continue." ECF 1 ¶30. Who are these people and how did they know of this abuse the complaint does not say, but if plaintiff knows about this she should say who and how.  The complaint says "[a]t one point Hatten screamed at Singletary in front of another officer in a way that would have made it obvious that there was a sexual relationship." ECF 1 ¶33. What other officer? Why should it be obvious from the interaction there was a sexual relationship?  Why not describe the incident so the government can investigate it? The plaintiff was there and should know but does not say.

7

These are the facts alleged in the complaint—if assumed to be true in the light most favorable to plaintiff—which would be necessary (though they are not necessarily sufficient now) to state a negligence claim; without them it clearly would not. See Fed. R. Civ. P. 12(b)(6). The details are facts the plaintiff should know but chose not to include in the complaint. The details are necessary for the defendant to ascertain how to respond appropriately to the complaint. A negligence claim asserting a federal employee was negligent ought to say who allegedly negligently acted or failed to act. Allegations so vague as these are burdensome and difficult (if not impossible) to reasonably investigate, leading to responses that deny allegations for lack of sufficient information. None of that helps efficiently develop the case to a just resolution. And a failure to enforce the pleading rules invites abuse of the protections afforded by Rule 12(b)(6).

Accordingly, the Court should exercise its discretion and order a more definite statement of the facts underlying Count 1; that is, the specific acts or omissions of a federal employee acting (or failing to act) within the scope of that employee's employment. See Fed. R. Civ. P. 12(e); see also Fed. R. Civ. P. 1 (explaining the rules "should be

construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

## CONCLUSION

Accordingly, the Court should order a more definite statement of Count 1 of the complaint and dismiss Count 2 for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(e), (b)(1) (respectively).

    Respectfully submitted,

    MICHELLE SPAVEN
    Acting United States Attorney

    */s Andrew J. Grogan*
    ANDREW J. GROGAN
    Assistant U.S. Attorney
    Northern District of Florida
    Florida Bar No. 85932
    111 North Adams Street
    (850) 942-8430
    andrew.grogan@usdoj.gov

## **LOCAL RULE 7.1(F) CERTIFICATION**

I certify that this memorandum contains 1650 words, per Microsoft Word's word count, which complies with the word limit requirements set forth in Local Rule 7.1(F).

*/s Andrew J. Grogan*
ANDREW J. GROGAN
Assistant U.S. Attorney
