# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**KISHA SINGLETARY,**

   **Plaintiff,**

**v.**

**UNITED STATES OF AMERICA,**

   **Defendant.**

Case No. 4:24cv478-MW/MAF

## REPORT OF RULE 26 INITIAL CONFERENCE

Pursuant to Rule 26(f), Federal Rules of Civil Procedure, and this Court's Initial Scheduling Order, the parties' planning meeting was held beginning on March 18, 2025. Participating in the telephone conference were James Cook and James Slater counsel for the Plaintiff, and Andrew Grogan, counsel for the Defendant. The parties respectfully submit this joint report for the Court's consideration.

   1. **Magistrate Judge Jurisdiction**: The parties have conferred about magistrate judge jurisdiction over the case.

2. **Claims, Defenses, & Principal Disputed Issues**: This case involves allegations that the Federal Bureau of Prisons caused the Plaintiff to be sexually abused while an inmate at FCI-Tallahassee. The plaintiff brings negligence and battery claims under the Federal Tort Claims Act. The principle disputed factual and legal issues are:

    a. Whether Defendant breached a duty of care under Florida law which caused the plaintiff injuries.

    b. Whether a BOP officer sexually abused Plaintiff.

    c. Whether exceptions to the FTCA waiver of sovereign immunity apply.

    d. The nature and extent of the Plaintiff's damages, if any.

3. **Settlement and Mediation.** The parties believe settlement may be possible after the exchange of information during discovery and request a mediation date to be set after the Court rules on any motion for summary judgment. Defendant requests that an Assistant U.S. Attorney appear for the government according to Department of Justice procedures for consideration and approval of settlement recommendations.

4. **Amendment and Joinder.** The parties request that the deadline for amendment of the pleadings or the joinder of parties or claims be thirty (30) days prior to the close of discovery. Further amended pleadings and/or joinder of additional parties is not anticipated.

5. **Discovery requirements:** The parties jointly propose to the Court the following discovery plan:

   a. The parties request a discovery deadline of October 1, 2025.

   b. Initial Disclosures: The parties will exchange the information required by Rule 26(a)(1), Federal Rules of Civil Procedure within the time set by the initial scheduling order.

   c. Expert Disclosures: Concerning expert discovery regarding damages, the parties suggest the following plan. Plaintiff will submit Rule 16(a)(2) disclosures within the time set by the initial scheduling order. Defendant requests a space in time between those disclosures to obtain discovery from Plaintiff (e.g., request for production, admissions, interrogatories) and subpoenas to medical providers, to take Plaintiff's deposition, and to then hire appropriate experts, and to take

depositions of Plaintiff's experts, with Defendants expert deadline being **September 2, 2025**. The time between September 2, 2025, and October 1, 2025, will allow for Plaintiff to depose Defendants experts before the close of discovery.

  d. The parties presently do not request any deviation from the Federal Rules of Civil Procedure regarding interrogatories, production requests, and requests for admission.

  e. To facilitate the discovery needed on the Plaintiff's medical history and care by her medical providers, the plaintiff agrees to provide a copy of her medical records within her possession and will execute a HIPAA-compliant written release for each of their medical providers from whom they have received relevant medical care upon receipt of a mutually agreeable authorization from Defendant. The parties agree to entry of a HIPAA-compliant qualified protective order if necessary and submit same for the Court's consideration.

  f. Discovery will be needed on the following non-exclusive list of issues:

      (1) the circumstances surrounding the incident in question; and

      (2) The plaintiff's medical history, treatment following the incident, and any future treatment.

      (3) The parties agree that expert discovery will relate to any witness who will be used at trial to present evidence under Federal Rule of Evidence 702, 703, or 705; and, that written communications and drafts, including draft reports, in whatever form, protected by Rule 26(b)(4), Federal Rules of Civil Procedure, need not be logged on the parties' respective privilege logs.

    g.    The parties agree to service of discovery requests and responses by e-mail.

    h.    The parties anticipate that discovery may involve information concerning a non-party victim of sexual abuse by a former employee of BOP or persons making similar allegations. See paragraph 8 below. To ensure the privacy of any such individual, the parties request that the Court order that such material (to be designated as such by whatever party produces it) shall only be used for the litigation of this

case unless there is a further order of the Court authorizing its use elsewhere, and the identity of any such victim or alleged victim shall not be publicly revealed in any court filing, hearing, or exhibit without express permission of the Court. The proposed protective order will likely also cover records produced in discovery which may be subject to the Privacy Act.

6. **Electronic/computer-based media**:

    a. The parties agree to the production of data reasonably available in the ordinary course of business.

    b. The parties do not presently anticipate that data beyond that reasonably available in the course of business will be sought. The parties agree to the exchange of documents and information in ".pdf" format except as otherwise noted herein. To the extent possible, photographs and videotape, if any, shall be produced in its original format.

    c. The parties agree that for discovery requests which potentially call for the production of emails, the requesting party will

specify accounts to be searched by name of the person (or category of persons), the date range, and the search terms to be used.

  d. The exchange of information will take place by the production by USB, hard drive, or by the Department of Justice's USAFX secure file exchange system.

  e. The parties have taken reasonable measures to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise.

  f. The parties agree that any inadvertent inclusion of any privileged material in a production response or a Rule 26 disclosure shall not result in the waiver of any associated privilege, nor result in a subject matter waiver of any kind. The parties agree to return any privileged material inadvertently disclosed immediately upon notice of the disclosure. Both parties agree that no copies of inadvertently disclosed materials will be retained following return to the disclosing or producing party. The parties agree, however, that the disclosure of any particular material shall cease to be "inadvertent" if, seven (7) days after the receiving party notifies the producing party that it has received what

appears to be privileged material, the producing party does not request the return of the privileged matter.

  g. The parties do not anticipate any particular issues regarding claims of privilege or protection as trial preparation materials at this time. Further, the parties agree that the work product of counsel, and correspondence directly to or from counsel, shall not require logging on the parties' respective privilege logs.

 7. **Trial Date**: The parties request the Court set a trial date in approximately March 2026.

 8. **Other matters**: Pursuant to Local Rule 5.6, the parties give the Court notice that this case may involve issues of fact in common with the issues in *United States v. Hatten*, 4:23cr18-RH/MAF (N.D. Fla.).

 9. **Manual for Complex Litigation**: The parties do not believe it appears that this case should be made subject to the Manual for Complex Litigation.

Dated: March 19, 2025

                                      Respectfully submitted,

| | |
|---|---|
| MICHELLE SPAVEN<br>Acting United States Attorney<br><br>*/s/ Andrew J. Grogan*<br>ANDREW J. GROGAN<br>Assistant United States Attorney<br>Florida Bar No. 85932<br>111 N. Adams Street<br>Tallahassee, FL 32301<br>850-942-8430<br>andrew.grogan@usdoj.gov<br>*Attorney for Defendant* | */s/ James V. Cook*<br>LAW OFFICE OF JAMES COOK<br>James V. Cook (FBN 0966843)<br>314 W. Jefferson Street<br>Tallahassee, Florida 32301<br>Tel. (850) 222-8080<br>Fax (850) 561-0836<br>cookjv@gmail.com<br><br>*/s/ James M. Slater*<br>SLATER LEGAL PLLC<br>James M. Slater (FBN 111779)<br>2296 Henderson Mill Rd NE #116<br>Atlanta, Georgia 30345<br>Tel. (305) 523-9023<br>james@slater.legal<br><br>*Attorneys for Plaintiff* |