IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KISHA SINGLETARY,

   Plaintiff,

v.

UNITED STATES OF AMERICA,

   Defendant.

Case No. 4:24cv478-MW/MAF

### GOVERNMENT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

This is a case brought under the Federal Tort Claims Act ("FTCA") by a former federal prisoner alleging sexual abuse by a prison employee. In the first amended complaint, the plaintiff Kisha Singletary alleges that a Federal Bureau of Prisons ("BOP") officer sexually abused her while she was in inmate at FCI-Tallahassee, and that BOP is liable for negligence (Count 1) and assault and battery (Count 2). But the FTCA only waives sovereign immunity for acts or omissions within the federal employee's scope of employment, and sexual assault is certainly not under Florida law (as to Count 2). And the intentional tort exception to the FTCA sovereign immunity waiver

1

bars negligence claims arising out of assault or battery which are dependent on the federal government's relationship with the employee, as Ms. Singletary's claims surely are (as to Count 1). Accordingly, the Court should dismiss the first amended complaint for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1).

## BACKGROUND

The facts alleged in the first amended complaint, assumed here to be true, and those otherwise properly considered, are these. Ms. Singletary is a former federal prisoner. ECF 1 ¶12. She arrived at FCI Tallahassee in 2022. ECF 1 ¶12. In April or May 2022, Ms. Singletary says a BOP law enforcement officer began sexually harassing her and ultimately sexually assaulted her.[1] ECF 1 ¶¶25-31. This alleged behavior ended in July 2022. ECF 1 ¶34. Ms. Singletary alleges that the officer abused the plaintiff on an occasion and "[o]ther officers were aware of what was happening, no one said or did anything." ECF 1 ¶28.

## ARGUMENT

The Court should dismiss the first amended complaint for lack of

---

[1] The officer named in the first amended complaint was convicted of sexual abuse of a different prisoner in another case in this district. See generally *United States v. Hatten*, 4:23cr18-RH/MAF (N.D. Fla.).

2

subject matter jurisdiction. Count 2 concerns an intentional tort outside the scope of employment. See 28 U.S.C. §1346(b). Count 1 arises out of an intentional tort under §2680(h) because it is dependent on a theory that the BOP did not properly control the employee and prevent the alleged intentional tort.

**I.    The Court does not have subject matter jurisdiction over Count 2 because sexual abuse is not within a BOP employee's scope of employment under Florida law.**

The plaintiff asserts the Court has jurisdiction under 28 U.S.C. §1346. In that statute, the FTCA, the government waives sovereign immunity and gives federal courts subject matter jurisdiction over claims against the United States for money damages "for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government *while acting within the scope of his office or employment*, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. §1346(b) (emphasis added). If there is not a waiver of immunity, a court lacks subject matter jurisdiction over the suit. See *Zelaya v. United States*, 781 F.3d 1315, 1322 (11th Cir. 2015). The United States may

condition its waiver of immunity. Such exceptions to the consent to be sued "must be strictly construed in favor of the United States." See *JBP Acquisitions, LP v. U.S. ex rel. F.D.I.C.*, 224 F.3d 1260, 1263 (11th Cir. 2000).

Whether a federal officer is "acting within the scope of his office or employment" is thus a threshold jurisdictional issue properly resolved on a motion to dismiss under Fed. R. Civ. P. 12(b)(1). *See Brownback v. King*, 141 S. Ct. 740, 749 (2021) (characterizing "acting with the scope of . . . employment under the FTCA as a 'jurisdictional element' "); *Dolan v. United States*, 514 F.3d 587, 593 (6th Cir. 2008) ("Whether an employee was acting within the scope of his employment is a question of law, not fact, made in accordance with the law of the state where the conduct occurred."); *Johnson v. United States*, 534 F.3d 958, 963–64 (8th Cir. 2008) (granting Rule 12(b)(1) motion and stating that whether an alleged tortfeasor's acts were within the scope of his employment was a "threshold requirement to establish jurisdiction under the FTCA").

Florida law governs the scope-of-employment issue. *Hunter v. United States*, 825 F. App'x 699, 701 (11th Cir. 2020). Under Florida

4

law, an employee's conduct is within the scope of employment when it "(1) is of the kind the employee is hired to perform, (2) occurs substantially within the time and space limits authorized or required by the work to be performed, and (3) is activated at least in part by a purpose to serve the master." *Id.* at 701–02 (quotation omitted). Florida courts have generally held that sexual assaults are outside the scope of an employee's employment.

The sexual assault of an inmate is a punishable offense that is not within the scope of a federal correctional officer's employment. It is neither the kind the officer was hired to perform nor were motivated in any way to serve the purpose of the employer. As another judge of this Court echoed the Eleventh Circuit, it "blinks reality" to suggest otherwise." *Simon v. United States*, 4:22cv321-WS/MAF, ECF 16 at 4 (N.D. Fla. June 6, 2023) (quoting *Hunter*, 825 F. App'x at 702).

Accordingly, because the wrongful acts alleged in Count 2 are not within the scope of the identified employee's employment, Count 2 must be dismissed for lack of subject matter jurisdiction.

## II. The Court does not have subject matter jurisdiction over Count 1 under the intentional-tort exception to the FTCA sovereign immunity waiver.

The first amended complaint's allegations make plain that plaintiff's Count 1 negligence claim—that BOP allowed the intention tort of sexual battery by one of its employees against an inmate—rests on the BOP's alleged failure to properly control its employee. A claim based on this theory is barred under the intentional-tort exception.

Under the intentional-tort exception in §2680(h), the government's sovereign immunity is not waived for "[a]ny claim *arising out of* assault, battery . . ." (emphasis added). This provision covers claims "that sound in negligence but stem from a battery committed by a Government employee," as a plaintiff "cannot avoid the reach of §2680(h) by framing [the] complaint in terms of negligent failure to prevent the assault and battery." *United States v. Shearer*, 473 U.S. 52, 55 (1985).

There are "at least some situations the fact that an injury was directly caused by an assault or battery will not preclude liability against the Government for negligently allowing the assault to occur." See *Sheridan v. United States*, 487 U.S. 392, 398 (1988). There,

because the "employment status [of the intentional tortfeasor] [was] irrelevant to the outcome," the Supreme Court did not "consider whether negligent hiring, negligent supervision, or negligent training may ever provide the basis for liability under the FTCA for a foreseeable assault or battery by a Government employee." *Id.* at 403 n.8. But if the allegation is that the Government was "negligent in the supervision or selection of the employee and that the intentional tort occurred as a result, the intentional tort exception of § 2680(h) bars the claim." See *Sheridan v. United States*, 487 U.S. 392, 406–07 (1988) (Kennedy, J., concurring in judgment); see also *Blackburn v. United States*, No. 20-8005, 2021 WL 3027979, at *4 (10th Cir. July 19, 2021) (embracing this idea).

This is clearly "not a case where the employment status of the assailant has nothing to do with imposing liability on the Government." See, *e.g.*, *Cuadrado-Concepcion v. United States*, No. CV419-305, 2020 WL 4589041, at *5 (S.D. Ga. Aug. 10, 2020), *aff'd*, 851 F. App'x 985 (11th Cir. 2021). The plaintiff's negligence theories all depend on an alleged "failure to prevent the assault and battery" on a federal inmate by a federal prison official because of the official's

7

access to the inmate because of his employment. See *Shearer*, 473 U.S. at 55. The official's employment status is essential to the plaintiff's claim. See, *e.g.*, *Moore v. United States*, No. 7:24cv322-LSC, 2024 WL 4453785, at *3 (N.D. Ala. Oct. 9, 2024) (dismissing similar claim because the "FTCA's intentional tort exception bars [the plaintiff's] negligence claims arising out of the assault").

The Eleventh Circuit has noted that "the phrase 'arising out of' should be broadly construed." *Metz v. United States*, 788 F.2d 1528, 1533 (11th Cir. 1986). "[A] cause of action which is distinct from one of those excepted under §2680(h) will nevertheless be deemed to 'arise out of' an excepted cause of action when the underlying governmental conduct which constitutes an excepted cause of action is 'essential' to the plaintiff's claim." *Id.* at 1534 (quoting *Block v. Neal*, 460 U.S. 289, 297 (1983)); see also *Reed v. U.S. Postal Serv.*, 288 F. App'x 638, 639 (11th Cir. 2008) (applying *Sheridan*, reaffirming *Metz*, and explaining "the only basis here for liability to attach to the United States as a result of [plaintiff's] assailant's actions would be via the employment relationship itself").

Although Ms. Singletary attempts to recast her claims as

8

negligence claims, such attempts are impermissible. See, *e.g.*, *Hill v. United States*, No. 23-11970, 2024 WL 1326791, *2 (11th Cir. March 28, 2024) (holding that a plaintiff's claims were barred by the intentional tort exception because they arose out of a sexual assault and that the plaintiff "cannot change the essence of these allegations by using language that sounds in negligence"); *Semmes v. United States*, 2009 WL 10688451, *2 (N.D. Ala. March 31, 2009) ("[A] negligent hiring and supervision claim is not within the FTCA's waiver of sovereign immunity when the negligence claimed stems only from an intentional tort committed by a federal government employee."); see also *Doe 1 v. U.S.*, No. 5:23-cv-3 (MTT), 2023 WL 4248913, *3 (M.D. Ga. June 29, 2023) (holding that negligent failure to supervise or monitor claims arising out of a director's failure to prevent the abuse of children was barred by the intentional tort exception); *C.B. v. United States*, No 1:14cv32-ECM, 2019 WL 4055141, *2 n.7 (M.D. Ala. Aug. 27, 2019) (holding that the intentional tort exception barred the plaintiff's failure to supervise claims arising the abuse of a child in a daycare center); *Foster v. United States*, No. 1:99cv458-GET, 1999 WL 33263909, *3-5 (N.D. Ga. Nov. 5, 1999) (holding that claims of

9

negligent security and negligent management arising from a shooting by a postal worker were barred by the intentional tort exception).

Courts addressing sexual assaults against individuals in federal custody have held there was no subject matter jurisdiction over the plaintiff's FTCA claims. *Ramirez v. United States*, No. 4:17cv1142, 2018 WL 6977340, *4 (S.D. Tex. Dec. 18, 2018) (holding that the intentional tort exception barred negligence claims against a BOP warden and his staff arising from the rape of an inmate by a BOP officer); *Martinez v. United States*, 311 F. Supp. 2d 1274, 1279 (D.N.M. 2004) (holding that plaintiff's allegations that she was assaulted while being transported between detention centers and BOP unreasonably failed to safeguard her was "dependent upon, not independent of, its relationship" with the assailant).

For these reasons, the Court should dismiss Count 1 under the intentional tort exception in §2680(h).

## CONCLUSION

Accordingly, the Court should dismiss the first amended complaint for lack of subject matter jurisdiction. See Fed. R. Civ. P. (b)(1).

Respectfully submitted,

MICHELLE SPAVEN
Acting United States Attorney

*/s Andrew J. Grogan*
ANDREW J. GROGAN
Assistant U.S. Attorney
Northern District of Florida
Florida Bar No. 85932
111 North Adams Street
(850) 942-8430
andrew.grogan@usdoj.gov

## LOCAL RULE 7.1(F) CERTIFICATION

I certify that this memorandum contains 1789 words, per Microsoft Word's word count, which complies with the word limit requirements set forth in Local Rule 7.1(F).

*/s Andrew J. Grogan*
ANDREW J. GROGAN
Assistant U.S. Attorney