## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

KISHA SINGLETARY,

    **Plaintiff,**

v.

UNITED STATES OF
AMERICA,

    **Defendant.**

Case No. 4:24cv478-MW/MAF

## GOVERNMENT'S REPLY TO PLAINTIFF'S RESPONSE TO GOVERNMENT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

Under the Court's order, ECF 20, the government respectfully submits this reply in support of its motion to dismiss for lack of subject-matter jurisdiction to address some of Plaintiff's arguments in response to the motion to dismiss.

Concerning the Count II battery claim, the Plaintiff says the government failed to cite a Florida case concerning the scope of employment. The government cited the Eleventh Circuit's decision in *Hunter v. United States*, 825 F. App'x 699 (11th Cir. 2020), and this Court's decision *Simon v. United States*, 2023 WL 11937906 (N.D. Fla.

1

June 7, 2023), both of which relied on and properly applied Florida case law on the issue in FTCA cases involving allegations of sexual abuse of a plaintiff by a federal employee, which is exactly the case here. See also *Alexander v. United States*, 4:19cv138-RH/MAF, ECF 195 at 285 (N.D. Fla. Jan. 13, 2022) (Hinkle, J.) (expressly following *Hunter* and explaining that "if [the BOP employee accused of committing sexual assault during a medical examination] committed sexual activity acts, as the plaintiff asserts, that he was not doing the government's business; that it was not any slight deviation, but it was a profoundly different undertaking than what he was hired to do and could appropriately do").

While acknowledging the unfavorable Florida case law on this point, the Plaintiff says this case is different based on the proposition that sexual abuse outside the scope of employment comes within it if an abuser (supposedly) improperly uses the sexual abuse to help him do his job better or do his job for him. The Plaintiff cites no case law for such an illogical proposition. It surely does not "further" the business of the BOP to have its employees abuse inmates so the employee does not have to do his job; such employees, like this

employee (as it relates to a different inmate), are prosecuted for such conduct when the evidence warrants.

Concerning the Count I negligence claim, the Plaintiff relies on *White v. United States*, No. 4:17cv59-MW/CAS, ECF No. 38 (N.D. Fla. Oct. 17, 2017). But that reliance is misplaced. There the government sought dismissal of a negligence claim under the FTCA's discretionary-function exception, which involves analysis of policy and compliance with same. *Id.* at 4 (citing 28 U.S.C. §2680(a)).[1]

The government makes a different argument here and now; that Count I "arises out of" an alleged assault and battery under 28 U.S.C. §2680(h). As the court stated when granting a motion to dismiss in *Moore v. United States*:

> "[T]he basis of the Government's negligence, in fact what makes it negligence in the first place," is government employee Officer Smith's sexual assault of Moore, because it is the sexual assault that satisfies the damages element of Moore's negligence claim. *JBP Acquisitions, LP v. U.S. ex rel. F.D.I.C.*, 224 F.3d 1260, 1265 (11th Cir. 2000). The sexual assault is "the 'crucial element of the chain of causation' upon which [the plaintiff]'s claims are founded." *Id.*

No. 7:24cv322-LSC, 2024 WL 4453785, *3 (N.D. Ala. Oct. 9, 2024). The

---

[1] The discretionary-function exception may well also bar various of Plaintiff's theories of negligence.

Plaintiff makes no attempt to address *Moore*'s reasoning, which is correctly applying binding precedent in circumstances analogous to the allegations here, just as *Hunter* and *Simon* did.

Lastly, the Plaintiff asserts that her negligence claim should survive because she has damages distinct from physical/sexual abuse. The Plaintiff says the "government's supervision, management, and retention of Hatten, its failure to implement required policies and procedures under PREA, his superiors' breach of duty to Ms. Singletary, and the damages from allowing the relationship to continue (as a 'personal assistant,' *see* FAC ¶ 50), are all distinct from damages arising out of the physical sexual abuse." ECF 18 at 9. It is unclear what damages there are which do not relate to sexual abuse; there are not facts plausibly suggesting liability about this. In that regard, the first amended complaint fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). And because it does not properly allege that "a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred," 28 U.S.C. §1346(b), the Court lacks subject matter jurisdiction over this remaining aspect of the Plaintiff's negligence

claim.

Accordingly, the government respectfully asks that the Court dismiss the Plaintiff's first amended complaint.

Respectfully submitted,

MICHELLE SPAVEN
Acting United States Attorney

*/s Andrew J. Grogan*
ANDREW J. GROGAN
Assistant U.S. Attorney
Northern District of Florida
Florida Bar No. 85932
111 North Adams Street
(850) 942-8430
andrew.grogan@usdoj.gov

## LOCAL RULE 7.1(F) CERTIFICATION

I certify that this memorandum contains 835 words, per Microsoft Word's word count, which complies with the word limit requirements set forth in Local Rule 7.1(F).

*/s Andrew J. Grogan*
ANDREW J. GROGAN
Assistant U.S. Attorney