IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KISHA SINGLETARY,

    *Plaintiff*,

v.                                          Case No.:  4:24cv478-MW/MAF

UNITED STATES OF AMERICA,

    *Defendant.*

_____/

## ORDER FOR SUPPLEMENTAL BRIEFING

Pending before this Court is the government's motion to dismiss Plaintiff's amended complaint, ECF No. 17. The government argues that this Court lacks subject matter jurisdiction over Plaintiff's negligence claim (Count I) because it arises out of an assault or battery by a government employee and thus falls within the "intentional tort exception" to the Federal Tort Claims Act. ECF No. 17 at 6–10; 28 U.S.C § 1346 (b)(1); 28 U.S.C. § 2680 (h). However, under the "law enforcement proviso" carve-out to the intentional tort exception, the government has waived sovereign immunity for claims arising out of assault or battery related to the "acts or omissions" of its "investigative or law enforcement officer[s]." 28 U.S.C. § 2680 (h).[1] The law enforcement proviso applies to Bureau of Prisons ("BOP") correctional

---

[1] "The provisions of this chapter and section 1346(b) of this title shall not apply to . . . Any claim arising out of assault, battery…. *Provided*, That, *with regard to acts or omissions of*

officers acting within their scope of employment. *See Millbrook v. United States*, 569 U.S. 50, 53–57 (2013) (considering BOP correctional officers "law enforcement officers" under 28 U.S.C. § 2680(h) and concluding that "[t]he waiver [of sovereign immunity] effected by the law enforcement proviso extends to acts or omissions of law enforcement officers that arise within the scope of their employment, regardless of whether the officers are engaged in investigative or law enforcement activity or are executing a search, seizing evidence, or making an arrest.").

Accordingly, the parties shall brief why the intentional tort exception applies to Plaintiff's negligence claim given the law enforcement proviso. The parties shall submit their briefs on or before **Monday, May 12, 2025.**

**SO ORDERED on May 1, 2025.**

<u>s/Mark E. Walker</u><br>
**Chief United States District Judge**

---

*investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising*, on or after the date of the enactment of this proviso, *out of assault, battery*, false imprisonment, false arrest, abuse of process, or malicious prosecution." 28 U.S.C. § 2680 (h) (emphasis added).