UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KISHA SINGLETARY,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 4:24-cv-478-MW/MAF

**PLAINTIFF'S SUPPLEMENTAL BRIEFING ON NEGLIGENCE**

    Pursuant to the Court's Order for Supplemental Briefing [ECF No. 23], Plaintiff Kisha Singletary provides the following briefing on why the intentional-tort exception does not apply to her negligence given the law enforcement proviso.

    In her response to the government's motion to dismiss [ECF No. 18], Ms. Singletary explained that, while sovereign immunity bars certain lawsuits against the United States, the Federal Tort Claims Act provides a waiver for intentional torts of assault, battery, or false imprisonment arising from the "acts or omissions of investigative or law enforcement officers of the United States Government." 28 U.S.C. § 2680(h). This "law enforcement proviso" applies when the acts or omissions giving rise to the tort occur while the federal officer is "acting within the scope of his office or employment." *Millbrook v. United States*, 569 U.S. 50, 55

(2013).

In its motion to dismiss [ECF No. 17], the government argues that Ms. Singletary's negligence claim against the United States is barred under the intentional tort exception, 28 U.S.C. § 2680(h), because her claims, in its view, "aris[e] out of" assault or battery. *See* Mot. at 6–10. But whether the negligence claims arise out of assault and battery—and Ms. Singletary argues that the underlying assault and battery is not "essential" to *all* her theories of relief for negligence—is inapposite. Because Hatten and his superiors were all "officer[s] of the United States" who were "empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law," *see* 28 U.S.C. § 2680(h), the negligence claim falls within the law enforcement proviso and is not subject to dismissal for lack of jurisdiction. *See, e.g.*, *Frey v. Pekoske*, 2021 WL 1565380, at *9 n. 5 (S.D.N.Y. Apr. 21, 2021) (because allegations fell within law-enforcement carveout, no need to address whether negligence claim "arises out of" the alleged battery).[1]

And while it appears a sister court concluded that the intentional-tort exception barred negligence claims arising out of an assault, *see Moore v. United States*, 2024 WL 4453785, at *3 (N.D. Ala. Oct. 9, 2024), that case is

---

[1] In fact, rather than the negligence arising out of the assault, the Court could find that the assault arose out of FCI Tallahassee's long history of tolerating or ignoring indicators of improper relationships with female inmates.

2

distinguishable.

First, the *Moore* court concluded that the BOP officer was acting outside the scope of his employment under Alabama law when he allegedly sexually assaulted the plaintiff. Here, Ms. Singletary briefed why Florida law provides an exception to that general rule when the assault or battery is undertaken in connection with or in furtherance of his work duties. Thus, on this basis, *Moore* is inapplicable.

Second, even if Ms. Singletary's assault and battery claims failed based on Florida law's scope of employment jurisprudence, Ms. Singletary's theories for negligence are not all premised on the physical sexual assault and battery. *Compare id.*, at *5 (based on Moore's complaint, breach would not have damaged plaintiff "if Officer Smith had not sexually assaulted her"; Moore's complaint stated plaintiff was "seeking damages arising out of sexual assaults…") *with, e.g.*, Am. Compl. ¶¶ 64–65 (breach related to punishment for reporting sexual misconduct and failures to report and discipline, failure to monitor officers with inmates) *& id.* ¶¶ 33–35, 50 (describing Ms. Singletary's recruitment as an uncompensated "personal assistant").

Third, the *Moore* court erred in its reliance on *United States v. Shearer*, 473 U.S. 52 (1985), to hold that the plaintiff's negligence claims were barred by the FTCA's intentional-tort exception, Indeed, the Supreme Court's subsequent decision in *Sheridan v. United States*, 487 U.S. 392 (1988), made clear that "it is

3

both settled and undisputed that in at least some situations the fact that an injury was directly caused by an assault or battery will not preclude liability against the Government for negligently allowing the assault to occur." *Id.* at 398. In *Sheridan*, as here, the government assumed an independent duty by "voluntarily adopting regulations" and "requir[ing] all personnel to report" violations of those regulations. *Id.* at 401. Those statutory obligations include section 4042, which imposes on the BOP a duty to protect the health and safety of those in its custody. 18 U.S.C. § 4042. The BOP also has a statutory obligation under PREA to enforce a "zero-tolerance standard" for staff sexual abuse of incarcerated people. 34 U.S.C. § 30302(1); *see also* 34 U.S.C. § 30307(b) (providing that the national PREA Standards, codified at 28 C.F.R. § 115 *et seq.*, "shall apply to the Federal Bureau of Prisons immediately upon adoption of the final rule"). BOP policies mandate that "[a]ll staff must report information concerning incidents or possible incidents of sexual abuse or sexual harassment . . . ." BOP Program Statement 5324.12. The PREA Standards similarly require immediate reporting of any knowledge or suspicion of sexual abuse. *See* 28 C.F.R. § 115.61 ("The agency shall require all staff to report immediately and according to agency policy any knowledge, suspicion, or information regarding an incident of sexual abuse or sexual harassment that occurred in a facility."); *see also* 28 C.F.R. § 115.62 ("When an agency learns that an inmate is subject to a substantial risk of imminent sexual

4

abuse, it shall take immediate action to protect the inmate."). BOP's response to allegations of sexual abuse requires "[a]ll allegations" to be "thoroughly investigated." (quoting BOP Program Statement 3420.11). BOP is also required to discipline the perpetrators of such abuse. *See, e.g.*, 28 C.F.R. §§ 115.76 ("Staff shall be subject to disciplinary sanctions up to and including termination for violating agency sexual abuse or sexual harassment policies."); *see also* 28 C.F.R. § 115.67(a) ("The agency shall establish a policy to protect all inmates . . . who report sexual abuse or sexual harassment . . . and shall designate which staff members or departments are charged with monitoring retaliation."); 28 C.F.R. § 115.67(b) ("The agency shall employ multiple protection measures, such as . . . removal of alleged staff . . . abusers from contact with victims . . . .").

And in *Sheridan*, as here, "the negligence of other Government employees" who violated those regulations and "allowed a foreseeable assault and battery to occur may furnish a basis for Government liability that is entirely independent of [the assailant's] employment status." *Sheridan*, 487 U.S. at 398; *see also Cardenas v. United States*, 2023 WL 7634436, at *3 (N.D. Tex. Nov. 15, 2023) (holding that allegations that officials' breaches of PREA and the BOP's Standards of Employee Conduct leading to the plaintiff's sexual assault "support a relatively straightforward negligence claim"); *Herrera v. United States*, 2022 WL 902090, at *10 (S.D.N.Y. Mar. 27, 2022) (relying on BOP policy and holding that for

5

jurisdictional purposes, plaintiffs adequately alleged under the FTCA that BOP defendants "violated the BOP's specific policy mandate that knowledge and even suspicions of sexual abuse be immediately reported").

## Conclusion

Thus, while caselaw may give some support to a theory that the intentional-tort exception does not apply at all given the law enforcement proviso, even if the Court were to consider recent nonbinding authority supportive of the government's contention on the exception's applicability, such authority is neither persuasive under these facts nor the caselaw on which its holding rests.

Dated: May 12, 2025.

            Respectfully submitted,

            */s/ James M. Slater*
            James M. Slater (FBN 111779)
            Slater Legal PLLC
            2296 Henderson Mill Rd NE #116
            Atlanta, Georgia 30345
            Tel. (305) 523-9023
            james@slater.legal

            */s/ James V. Cook*
            James V. Cook (FBN 0966843)
            Law Office of James Cook
            314 W. Jefferson Street
            Tallahassee, Florida 32301
            Tel. (850) 222-8080
            Fax (850) 561-0836
            cookjv@gmail.com

            *Attorneys for Plaintiff Kisha Singletary*

## Certification Pursuant to L.R. 7.1(F)

Pursuant to Local Rule 7.1(F), I hereby certify that the foregoing document contains 1,500 words, inclusive of headings but exclusive of the case style, signature block and certificates.

By: */s/ James M. Slater*
James M. Slater