IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KISHA SINGLETARY,

   Plaintiff,

v.

UNITED STATES OF AMERICA,

   Defendant.

Case No. 4:24cv478-MW/MAF

## GOVERNMENT'S RESPONSE TO COURT ORDER FOR SUPPLEMENTAL BRIEFING

Under the Court's order, ECF 23, the government respectfully submits this supplemental briefing concerning its motion to dismiss.

Referencing the Plaintiff's Count I negligence claim, *Millbrook v. United States*, 569 U.S. 50, 53–57 (2013), and the law enforcement proviso in 28 U.S.C. §2680(h), the Court ordered the parties to "brief why the intentional tort exception applies to Plaintiff's negligence claim given the law enforcement proviso." *Id.* at 23. This response follows.

As an initial matter, the government is not liable for all tortious acts of federal employees. The FTCA only waives sovereign immunity

1

for acts or omissions within the scope of a federal employee's employment. So, for example, it makes the government liable for a postal worker negligently operating a mail truck while delivering mail. But it does not make the government liable for a postal worker causing a wreck on the weekend in his personal vehicle. This is the basic structure of the FTCA waiver. See 28 U.S.C. §1346(b)(1) (waiving sovereign immunity for an injury "caused by the negligent or wrongful act or omission of any employee of the Government *while acting within the scope of his office or employment*" (emphasis added)).

The intentional tort exception in 28 U.S.C. §2680(h) is another limitation on the sovereign immunity waiver; not permitting suits arising out of certain kinds of torts. Under the FTCA, the government is not liable (through a lack of jurisdiction) when the act sued upon is "arising out of" listed certain torts. See 28 U.S.C. §2680(h). See, *e.g.*, *Alvarez v. United States*, 862 F.3d 1297, 1307-10 (11th Cir. 2017) (noting the broad nature of this limitation).

The effect of §2680(h) is the same even if the Plaintiff attempts to recast a claim arising out of an intentional tort as a negligence claim; a negligent failure to prevent an intentional tort as part of an

employment relationship. In *Cadman v. United States*, 541 Fed. App'x 911 (11th Cir. 2013), for example, the Eleventh Circuit considered an FTCA claim asserting a tort barred by §2680(h) by law enforcement officers (ICE agents) where the plaintiff characterized the claim as a failure by the law enforcement supervisors to prevent it. *Id.* at 914-915. The court said this was barred under §2680(h), explaining that the plaintiff could not "circumvent" it "because the sole basis for any harm caused to" the plaintiff was the intentional torts by the law enforcement officers and "[n]o amount of 'semantical recasting' can alter this fact." *Id.* at 915 (quoting *United States v. Shearer*, 473 U.S. 52, 55 (1985), and following its causation analysis that the negligence claim is barred if it arises out of the intentional tort).

The law enforcement proviso in §2680(h) essentially cuts back the intentional tort exception a bit, broadening liability through a waiver and allowing claims arising out of an intentional tort if based on the act or omission of a law enforcement officer acting within the scope of the officer's employment. As Congress explained when enacting it in 1973, "[t]he effect of this provision is to deprive the Federal Government of the defense of sovereign immunity in cases in

3

which Federal law enforcement agents, *acting within the scope of their employment*, or under color of Federal law, commit any of the following torts: assault, battery, false imprisonment, false arrest, malicious prosecution, or abuse of process." S. REP. 93-588, S. Rep. No. 588, 93TH Cong., 2ND Sess. 1974, 1974 U.S.C.C.A.N. 2789, 1973 WL 12539 (Leg. Hist.) (emphasis added). But given that Mr. Hatten was not acting within the course and scope of his employment when he allegedly abused the Plaintiff, the law enforcement exception does apply, and this lawsuit "cannot avoid the reach of §2680(h) by framing [the] complaint in terms of negligent failure to prevent the assault and battery." See *Shearer*, 473 U.S. at 55.

The Supreme Court's opinion in *Millbrook v United States*, 569 U.S. 50 (2013), addressed whether the law enforcement proviso's expansion of liability for acts of federal law enforcement officers was limited to law enforcement acts, like executing warrants and conducting arrests. The case concerned intentional torts, not negligence. *Id.* at 53. The Supreme Court concluded that "the waiver effected by the law enforcement proviso extends to acts or omissions of law enforcement officers . . . regardless of whether the officers are

4

engaged in investigative or law enforcement activity." But, critically, the Supreme Court expressly held that the acts of the federal law enforcement officers must still "arise within the scope of their employment." *Id.* at 57. Put another way, the law enforcement proviso does not work to make not the government liable for acts outside the scope of employment, whether the claim is solely assault/battery or is subject to a "semantical recasting" as negligence. See *Shearer*, 473 U.S. at 55 (concerning an alleged negligent failure to prevent a soldier (who has authority make arrests under the Uniform Code of Military Justice) from killing another solder).

The law enforcement proviso would not apply to save Plaintiff's claim from the intentional tort exception because Mr. Hatten was not acting within the course and scope of his employment when he allegedly abused the Plaintiff.[1] The government is not liable for a federal law enforcement officer getting into a fist fight at the bar on the weekend because that is outside the scope of employment, and the law enforcement proviso did not change that basic structure of the

---

[1] While the government acknowledges that Mr. Hatten has been convicted of sexual abuse of an inmate, Defendant does not concede here that the Plaintiff was abused by Mr. Hatten.

FTCA just because the tortfeasor is a federal employee. And it does not make the government liable for an intentional tort *outside the scope of employment* recast as a negligence claim, under *Shearer*, simply because the employee committing the battery is a law enforcement officer and another employee allegedly failed to prevent it.

In the Eleventh Circuit, under the FTCA the scope of the federal employee's employment is a function of state law; "[W]hether an employee's actions are within the scope of his employment for purposes of the [FTCA] is an issue governed by the law of the state where the incident occurred." *Hunter v. United States*, 825 F. App'x 699 (11th Cir. 2020) (quoting S.*J. & W. Ranch, Inc. v. Lehtinen*, 913 F.2d 1538, 1542 (11th Cir. 1990)). And under Florida state law, which controls the question, the BOP employee's actions were plainly not within the scope of his employment. See *Simon v. United States*, 2023 WL 11937906 (N.D. Fla. June 7, 2023); *Alexander v. United States*, 4:19cv138-RH/MAF, ECF 195 at 285 (N.D. Fla. Jan. 13, 2022). Put another way, the analysis is the same whether or not the employee was a law enforcement officer because, in either case, the intentionally tortious conduct which the claim arises out of is outside the scope of

6

employment.

Accordingly, because the Plaintiff's Count I negligence claim is (allegedly) "arising out of" a tort barred under 28 U.S.C. §2680(h), the claim is barred. See, *e.g.*, *Moore v. United States*, No. 7:24cv322-LSC, 2024 WL 4453785, at *5 (N.D. Ala. Oct. 9, 2024) (dismissing negligence claim, under *Shearer* and Eleventh Circuit precedent, "arising out of" alleged sexual assault by a law enforcement officer after consideration of law enforcement proviso and determining it inapplicable because the law enforcement officer was acting outside the scope of employment).[2] It is due to be dismissed for lack of subject matter jurisdiction for the reasons stated in the government's motion and reply, ECF 17 & 21.

The Plaintiff says that *Moore* is inapplicable for three reasons. ECF 24 at 3. But they make no sense. The assertion that these acts were undertaken within the scope of employment is plainly wrong under *Hunter*, *Alexander*, and *Simon*. The assertion that the Plaintiff has a negligence claim unconnected to physical abuse is without merit; the Plaintiff did not report sexual assault and cannot complain of

---

[2] This case is currently on appeal to the Eleventh Circuit, with the government brief due next month. See *Moore v. United States*, Case No. 24-13676 (11th Cir.)

damages which might have been incurred if she had reported same and BOP had followed promulgated procedures in such circumstances, which are not "punishment."[3] Lastly, in *Sheridan v. United States*, 487 U.S. 392 (1988), the Supreme Court held that, although plaintiff's injuries stemmed from the battery committed by the employee, the negligence claim did not arise out of the battery because the government's duty was independent of any employment relationship between the employee and the government, rejecting a lower court holding that the "mere fact" of employment was sufficient to absolve the government. *Id.* at 401. As noted in earlier briefing, the Plaintiff's claims are entirely dependent on the employment relationship between BOP and the officer alleged to have committed the battery. So *Sheridan* is inapplicable.

Accordingly, the Court should grant the government's motion to dismiss for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1).

---

[3] For example, requiring a sexual assault victim to testify in open court in a criminal case and be cross examined is undoubtedly an unpleasant experience for the victim. That it is required by the Sixth Amendment's Confrontation Clause does not make it a court's punishment or retaliation for the witness.

        Respectfully submitted,

        MICHELLE SPAVEN
        Acting United States Attorney

        */s Andrew J. Grogan*
        ANDREW J. GROGAN
        Assistant U.S. Attorney
        Northern District of Florida
        Florida Bar No. 85932
        111 North Adams Street
        (850) 942-8430
        andrew.grogan@usdoj.gov

## **LOCAL RULE 7.1(F) CERTIFICATION**

I certify that this memorandum contains 1383 words, per Microsoft Word's word count, which complies with the word limit requirements set forth in Local Rule 7.1(F).

        */s Andrew J. Grogan*
        ANDREW J. GROGAN
        Assistant U.S. Attorney