## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

KISHA SINGLETARY,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 4:24cv478-MW/MAF

## PLAINTIFF'S MOTION FOR ORDER ON PRODUCTION OF RECORDS

Plaintiff, Kisha Singletary, moves this Honorable Court for an Order on Production of Records[1] (Exhibit 1), pursuant to Fed.R.Civ.P. 26(c) and 5 U.S.C. § 552a(b)(11), ordering production of responsive records, including records relating to persons and records designated as confidential, subject to the requirement that the records be used for litigation and not placed in the public domain except to the extent necessary to bear a party's burden of proof as to a claim or defense.

The United States propose a different order. (Exhibit 2). Since the Parties are unable to agree on the terms, they have initiated discovery in the absence of such an order based on an agreement of non-dissemination prior to entry of an Order.

---

[1] Plaintiff's proposed Order on Production of Records is based on an Order entered by this Court in *White v. United States*, Case No. 4:17-cv-00059-MW-CAS, filed on January 30, 2017. Two departures from that Order provide (1) that the identities of alleged victims who have made their identities known through filing lawsuits in their actual names need not be protected, and (2) that the designation of a record as "Confidential" does not create a presumption for screening, that parties can argue that designated records should not be sealed, and that the Court retains discretion whether to seal a designated record.

Plaintiff acknowledges that some information subject to discovery may not be admissible at trial. However, the scope of discovery is broad and information should be produced without redaction although it must be redacted prior to being filed with the Court under Fed.R.Civ.P. 5.2(a). Identifying information that may be inadmissible under F.R.E. 412, should nonetheless be provided in discovery so that witnesses can be found and interviewed. Protected health information that may be inadmissible with patient identifiers may be important to show injuries, seriousness of injuries, need for treatment, or failure to provide treatment, while the identifiers may be replaced with numbers or where the critical information is presented in summary form without identifiers. Under appropriate guidelines set by the Court, information held by the Plaintiff may be held in as complete confidentiality as information held by the Government.

Plaintiff and the United States have each reviewed protective orders proposed by the other and have been unable to agree on all provisions. Plaintiff objects to the terms sought by the United States that *all discovery* it produces be regarded as confidential and destroyed or returned at the end of the case. Plaintiff regards this as important historical public safety information that may need to be taken into account in future similar cases. If undersigned counsel had not been actively suing the United States over sexual misconduct at FCI Tallahassee well prior to the 2006 shoot-out incident involving FCI Tallahassee corrections officers

and the FBI, critical information could have been withheld without complaint. The victims of sexual misconduct at FCI Tallahassee over the years are legion.

## I.    JUDICIAL STANDARD

A court has broad discretion in using protective orders to limit the means and scope of discovery. *McArdle v. City of Ocala, FL*, 451 F. Supp. 3d 1304, 1308 (M.D. Fla. 2020). It may issue a protective order only "for good cause." Fed. R. Civ. P. 26(c). A party seeking a protective order has the burden of showing good cause for its issuance.[2] *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005). A finding of good cause must be based on facts and not conclusions. *Boullosa v. Equifax Info. Services, LLC*, No. 8:22-CV-2642-CEH-CPT, 2024 WL 3673566, at *2 (M.D. Fla. Aug. 6, 2024); Wright, Miller & Marcus, Federal Practice and Procedure: Civil § 2035 at 484 (2d ed. 1994).

## II.    PUBLIC'S INTEREST IN OPEN RECORDS

"Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Eng'g, Inc*., 960 F.2d 1013, 1016 (11th Cir. 1992). "The operations of the courts and the judicial conduct of judges are matters of utmost public concern," *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839, 98 S.Ct. 1535, 1541 (1978). "The common-law

---

[2] Although the custodian of the records would normally be the movant, the Plaintiff also has an interest since it is clear that there would be no discovery traffic without such an order and Plaintiff has an interest in viable terms.

right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process," *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007), citing *Chicago Tribune v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304, 1311 (11th Cir. 2001).

This right of access is not absolute; however. Not unlike the Rule 26 standard, the common-law right of access requires a balancing of competing interests. See *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983). In that balancing, the public's right of access is one of the interests to be weighed. *Belo Broadcasting Corp. v. Clark*, 654 F.2d 423, 434 (5th Cir. Aug. 28, 1981). In conducting a good cause balancing test, "courts consider, among other factors ... whether the information concerns public officials or public concerns" because their actions in performing their duties as public officials are "rightfully the subject of public scrutiny"). Pettaway v. Barber, 645 F. Supp. 3d 1269, 1287 (M.D. Ala. 2022); see also *Romero*, 480 F.3d at 1246. "[P]ublicity is justly commended as a remedy for social and industrial diseases. Sunlight is said to be the best of disinfectants; electric light the most efficient policeman.'" Justice L. Brandeis, *Other People's Money and How the Bankers Use It* (1914).

It is the producing party's burden to support its claim for good cause through specific facts rather than conclusory or stereotypical statements. See *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir.1998). The producing party must show good

cause for a protective order. FRCP 26(c). Several factors are to be considered that the producing party has to address when seeking to establish good cause:

(a) Whether the disclosure will violate any privacy interests. *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. l995). **Response: Plaintiff agrees not to disclose SSN #, home addresses, and driver's license numbers, and to use only initials of victims of sexual abuse in court filings, except where those victims have made their identities a matter of public record by filing lawsuits under their actual names.**

(b) Whether the information is being sought for a legitimate purpose. Id. **Response: All the records sought are relevant to this case and the culture and practices of the Defendant that gave rise to the salient events in this case.**

(c) Whether disclosure of the information will cause a party embarrassment. Id. **Response: These documents do not relate to the private lives of FCI staff, but the abuse and humiliation and physical pain they inflict on the hundreds of women they are paid and pledged to protect.**

(d) Whether confidentiality is being sought over information important to public health and safety. Id. **Response: The information sought involves the policies and procedures which the led to policies, customs, and practices that have scarred the lives of scores of women**.

(e) Whether the sharing of information among litigants will promote fairness

and efficiency. Id. **Response: Yes, without any question**.

(f) Whether a party benefiting from the order of confidentiality is a public entity or official. Id. **Response: Only the United States would benefit from its proposed protective order**.

(g) Whether the case involves issues important to the public. Id. **Response: This case involves the abuse of women who cannot defend themselves**.

(h) The danger of abuse if the protective order is granted. *Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 415 (M.D. N.C.1991). **Response: The U.S.A. seeks such protective orders to hide and perpetuate misconduct. Information on dangerous policies and practices would be kept from the public forever whereas dissemination could lead to safer public polices and practices.**

(i) The good faith of each party's position. Id. **Response: Plaintiffs seek to protect the public, provide truth about prison abuse. The U.S.A. does not want public scrutiny, that's the entire goal of its protective order**.

(j) The adequacy of the protective measures provided by the protective order. Id. **Response: Plaintiff agrees not to include SSN #, home addresses of officers, driver's license numbers or the actual names of sexual abuse victims in court filings except to the extent the victims have come forward publicly**.

Even if the U.S.A. can establish any good cause – which it cannot – the Court must still determine whether the producing party's burden of production and

privacy interests outweigh the opposing party's and the public's right to obtain the information sought. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34-36, (1984). There are no privacy interests, except for the personal identifiers Plaintiff agrees to protect, and there is a great weight of public interest militating for a very limited protective order. The standard of proof for good cause will vary with the type of information and protective order sought. For example, a producing party might establish good cause by showing that it will suffer a clearly defined and serious injury if the requested information is disclosed. See, e.g., *Drexel Heritage Furnishings v. Furniture USA, Inc.*, 200 F.R.D. 255, 262 (M.D. N.C. 2001).

Records should be sealed only in extreme cases. The right of access to court records arises under both the common law and the First Amendment to the United States Constitution. *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 603 (1982). The public's right to court proceedings and documents is long standing. *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501 (1984); *Nixon v. Warner Communications*, 435 U.S. 589 (1978). The public observation of the federal court system serves to (1) promote community respect for the rule of law, (2) provide a check on the activities of judges and litigants, and (3) foster more accurate fact finding. *Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555 (1980).

The public's right to access is so strong that the Supreme Court has recognized standing exists, for example, "in the citizen's desire to keep a watchful

eye on the workings of public agencies." Plaintiffs are citizens. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). The mere fact that the production of records may lead to a party's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1136 (9th Cir. 2003). [**12]

Ultimately, the decision whether to afford protection should be based on Rule 26 (c) of the federal rules of civil procedure and case law, which provide that documents are presumed discoverable absent a finding of good cause that any given document or portion thereof should be treated otherwise. *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775 (1st Cir. 1988) ("It is implicit in Rule 26(c)'s 'good cause' requirement that ordinarily (in the absence of good cause) a party receiving discovery materials might make them public.")

Rule 26(c) permits a district court to issue protective orders covering discovery materials upon a showing of good cause. "Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense . . ." *In Diane Bond v. Chicago Police Officer,* Case No. 1:04-cv-02617, Doc. 267, Joan H. Lefkow, J., (N.D. Ill., July 2, 2007) the court entered a protective motion pursuant to an agreed upon motion defining as "Confidential Matter" not to be publicly

disseminated inter alia "employment, disciplinary, investigatory . . . or other information that is of a sensitive or non-public nature regarding plaintiff, defendants, non-party witnesses and non-party employees of the City of Chicago that may be subject to discovery in this action."

Subsequently, after the parties had settled, a non-party and self-described journalist petitioned to intervene and to have stricken the confidential designation of certain documents, relying solely on Rule 26(c). *Id*. Defendants opposed, arguing against the presumption of access, claiming prejudice by virtue of public disclosure and that the privacy interests of defendants outweighed any public access right. Id. In particular defendants argued that materials similar to those sought here – complaint histories, disciplinary histories, investigative files related to accusations of officer misconduct – were part of employee personnel records and thus protected from disclosure.

Relying in part on *Public Citizen*, the court in *Bond* rejected this argument. "That information, though personal, has a distinct public character, as it relates to the defendant officers' performance of their official duties. Without such information, the public would be unable to supervise the individuals and institutions it has entrusted with the extraordinary authority to arrest and detain persons against their will. With so much at stake, defendants simply cannot be permitted to operate in secrecy." *Id*. The court held that "[c]ourt related documents,

even those not part of the judicial record, are presumed to be accessible to the public. . . The privacy interests of the defendant officers are diminished because of their status as public officials, and those interests that remain are served by the redaction of certain information from the requested documents. Balancing these interests, good cause no longer exists for shielding the requested materials from public inspection." See *Doe v] Marsalis* 202 F.R.D. 233, 239 (N.D. Ill. 2001).

In determining whether good cause exists to maintain confidentiality of any given material from discovery, the court may consider, inter alia, privacy interests, whether the information is important to public health and safety and whether the party standing to benefit from a protective order is a public official. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945-46 (7th Cir. 1999). Neither the parties' agreement that a particular document is confidential nor that a document is subject to a protective order is determinative. Only the parties' interests are at issue with regard to the discovery process. But once a party asks the Court to consider a document in resolution of an issue, the public has an interest in such document. Absent a showing of compelling reasons that override the public's interest, documents filed with the Court should not be sealed from public view.

## CONCLUSION

Plaintiff moves this Honorable Court to enter her proposed Order on Production of Records in this case.

Dated: June 2, 2025.

                                      Respectfully submitted,

                                        */s/ James V. Cook*
                                        James V. Cook (FBN 0966843)
                                        Law Office of James Cook
                                        314 W. Jefferson Street
                                        Tallahassee, Florida 32301
                                        Tel. (850) 222-8080
                                        Fax (850) 561-0836
                                        cookjv@gmail.com

                                        *Attorney for Plaintiff Kisha Singletary*

I CERTIFY that I have conferred in good faith with opposing counsel and opposing counsel objects to this Motion.

I CERTIFY the foregoing was filed electronically on 6/2/2025, serving counsel of record registered to be notified by the CM/ECF electronic filing system.

                                        */s/ James V. Cook*