## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

KISHA SINGLETARY,

    **Plaintiff,**

v.                                    Case No. 4:24cv478-MW/MAF

UNITED STATES OF
AMERICA,

    **Defendants.**

---

## DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT

Defendant, the United States of America, respectfully submits this answer to the Plaintiff's complaint in paragraphs corresponding to the complaint.

### "JURISDICTION AND VENUE"

1.    Defendant admits that federal district courts generally have jurisdiction over FTCA cases. Otherwise, denied.

2.    Admitted.

3.    Admitted.

4.    Admitted.

5.    Defendant admits that venue is proper. Otherwise, denied.

**"PARTIES"**

6.    Defendant admits that Plaintiff Kisha Singletary was a federal prisoner confined in FCI Tallahassee, a women's prison, located in this District, and was formally under the custodial, supervisory, and disciplinary authority of BOP for certain periods of time. Otherwise, denied.

7.    Defendant admits that Plaintiff operated FCI Tallahassee where Plaintiff was imprisoned for periods of time and that the United States is the proper defendant in a FTCA case. Otherwise, denied.

8.    Defendant admits that the named BOP employee meets the definition of a law enforcement officer in 28 U.S.C. §2680(h). Otherwise, denied.

9.    Defendant admits that the named BOP employee was supervised by FCI Tallahassee management personnel while he was employed there. Otherwise, denied.

10.    Defendant admits that SIS at FCI Tallahassee investigate criminal activity at the facility. Otherwise, denied.

11.    Defendant admits that the named federal agencies and officials investigate and prosecute sexual abuse at FCI Tallahassee.

2

Otherwise, denied.

## "COMMON ALLEGATIONS OF FACT"

12.    Admitted.

13.    Defendant admits that Plaintiff was imprisoned at FCI Tallahassee in 2022. Otherwise, denied.

14.    Admitted.

15.    Admitted.

16.    Denied.

17.    Admitted.

18.    Denied.

19.    Admitted.

20.    Defendant admits that sexual contact with inmates by BOP personnel is prohibited under the authorities cited. Otherwise, denied.

21.    Admitted.

22.    Admitted.

23.    Admitted.

24.    Defendant admits that there have been allegations of sexual abuse at the facility which have been investigated and/or prosecuted, and there have been lawsuits arising from such

3

allegations. Otherwise, denied.

25.   Defendant is without sufficient information to admit or deny this allegation and therefore denies it.

26.   Defendant is without sufficient information to admit or deny this allegation and therefore denies it.

27.   Defendant is without sufficient information to admit or deny this allegation and therefore denies it.

28.   Defendant is without sufficient information to admit or deny this allegation and therefore denies it.

29.   Defendant admits there was a criminal case against Highsmith, and he was sentenced to 48 months in prison. See *United States v. Highsmith*, 4:21cr-MW/MAL (N.D. Fla.). Defendant is without sufficient information to admit or deny the remainder of this allegation and therefore denies it.

30.   Defendant is without sufficient information to admit or deny this allegation and therefore denies it.

31.   Defendant is without sufficient information to admit or deny this allegation and therefore denies it.

32.   Defendant is without sufficient information to admit or

deny this allegation and therefore denies it.

33.    Defendant is without sufficient information to admit or deny this allegation and therefore denies it.

34.    Defendant is without sufficient information to admit or deny this allegation and therefore denies it.

35.    Denied.

36.    Denied.

37.    Denied.

38.    Denied.

39.    Defendant is without sufficient information to admit or deny this allegation and therefore denies it.

40.    Defendant is without sufficient information to admit or deny this allegation and therefore denies it.

41.    Denied.

42.    Defendant is without sufficient information to admit or deny this allegation and therefore denies it.

43.    Denied.

44.    Defendant is without sufficient information to admit or deny this allegation and therefore denies it.

45.  Defendant admits that Hatten was prosecuted and sentenced as indicated on the public docket of the case, *United States v. Hatten*, 4:23-cr-00018-RH-MAF (N.D. Fla.). Otherwise, denied.

46.  Defendant admits that Hatten was prosecuted and sentenced as indicated on the public docket of the case, *United States v. Hatten*, 4:23-cr-00018-RH-MAF (N.D. Fla.), and his statement of facts speaks for itself. Otherwise, denied.

47.  Defendant is without sufficient information to admit or deny this allegation as it relates to Plaintiff and therefore denies it.

48.  Defendant is without sufficient information to admit or deny this allegation and therefore denies it.

49.  Denied.

50.  Denied.

51.  Defendant is without sufficient information to admit or deny this allegation and therefore denies it.

52.  Defendant is without sufficient information to admit or deny this allegation and therefore denies it.

53.  Defendant is without sufficient information to admit or deny this allegation and therefore denies it.

54.    Defendant is without sufficient information to admit or deny this allegation and therefore denies it.

55.    Defendant is without sufficient information to admit or deny this allegation and therefore denies it.

56.    Defendant admits that manual says what it says. Otherwise, denied.

57.    Defendant is without sufficient information to admit or deny this allegation and therefore denies it.

58.    Defendant is without sufficient information to admit or deny this allegation and therefore denies it.

59.    Defendant is without sufficient information to admit or deny the factual allegations and therefore denies them. Defendant specifically denies that Plaintiff is entitled to relief in this action.

## "COUNT I- NEGLIGENCE"

Defendant's responses in paragraphs 1 through 59 are incorporated here.

60.    Admitted.

61.    Defendant admits that all BOP employees are to prevent sexual abuse of inmates. Otherwise, denied.

62.    Denied.

63.    Denied.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

## "COUNT 2 – ASSAULT AND BATTERY"

Defendant incorporates its responses to paragraphs 1 through 59 here.

68.    This claim has been dismissed for lack of subject matter jurisdiction, so no response is required. To extent a response would be required, denied.

69.    This claim has been dismissed for lack of subject matter jurisdiction, so no response is required. To extent a response would be required, denied.

70.    This claim has been dismissed for lack of subject matter jurisdiction, so no response is required. To extent a response would be required, denied.

## "PRAYER FOR RELIEF"

Defendant states that Plaintiff is not entitled to any relief in this matter.

## DEFENSES

71.    All of Plaintiff's claims are subject to, and limited by, the Federal Tort Claims Act, 28 U.S.C. §§1346(b), 2401(b), 2671 et seq, including limitations on subject-matter jurisdiction in 28 U.S.C. §2680.

72.    If the United States is found liable for negligence, evidence offered to prove the amount of damages for past medical treatment or services that have been satisfied is limited to evidence of the amount actually paid, regardless of the source of payment, FLA. STAT. §768.0427(2)(a) (2024).

73.    If the United States is found liable for negligence, and the Plaintiff has health care coverage, evidence offered to prove the amount necessary to satisfy unpaid charges for incurred medical treatment or services shall include, but is not limited to the amount which such health care coverage is obligated to pay the health care provider to satisfy the charges for the claimant's incurred medical treatment or services, plus the claimant's share of medical expenses

under the insurance contract or regulation., FLA. STAT. §768.0427(2)(b)(2024).

74.    If the United States is found liable for negligence, any damages demanded by the Plaintiff must be offset by the amount of collateral source benefits received by, or available to, the Plaintiff. This would include, but not be limited to, contractual discounts on medical care and military medical benefits.

75.    If United States is found liable for negligence, it may be entitled to a setoff or deduction from any damages recoverable by Plaintiff for any benefits payable with federal funds under any federally funded program.

76.    The Plaintiff's recoverable damages, if any, are limited to the amount requested in the administrative tort claim. See 28 U.S.C. §2675(b).

77.    The United States is not liable for interest prior to judgment, or for punitive damages. See 28 U.S.C. §2674.

78.    Pursuant to 28 U.S.C. §2678, Plaintiff is not entitled to a separate award of attorney's fees.

79.    To the extent that Plaintiff has failed to mitigate damages,

any recovery is limited accordingly.

80.    The United States asserts that it may have, additional affirmative defenses that are not known to United States at this time but may be ascertained through discovery. Should discovery reveal facts demonstrating the applicability of such an affirmative defense, United States specifically preserves these affirmative defenses as they are ascertained.

Respectfully submitted,

JOHN P. HEEKIN
United States Attorney

*/s Andrew J. Grogan*
ANDREW J. GROGAN
Assistant United States Attorney
Florida Bar No.  85932
111 North Adams Street, 4th Floor
Tallahassee, FL  32301
Telephone:  (850) 942-8430
Fax:  (850) 942-8429
Email:  Andrew.Grogan@usdoj.gov
Counsel for Defendant