IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KISHA SINGLETARY,

   Plaintiff,

v.

UNITED STATES OF AMERICA,

   Defendant.

Case No. 4:24cv478-MW/MAF

GOVERNMENT'S RESPONSE TO MOTION
FOR ORDER ON PRODUCTION OF RECORDS

This is a negligence action under the Federal Tort Claims Act.[1] The plaintiff Kisha Singletary, at the relevant time an inmate in federal prison for sex trafficking a minor for gas money,[2] asserts that the Federal Bureau of Prisons ("BOP) negligently failed to prevent its employee Lenton Hatten from sexually abusing her. See ECF 1. She appears to have made no report about it until after Hatten's abuse of

---

[1] The Court dismissed the Plaintiff's Count II assault and battery claim for lack of subject matter jurisdiction in accordance with Eleventh Circuit precedent. ECF 26.

[2] See *United States v. Singletary*, 1:14-cr-20604-JAL, ECF 31 at 3 (S.D. Fla. Oct. 16, 2014). In discovery, however, Plaintiff indicated she forgot what she did.

1

another inmate, which he was prosecuted for, became known.

Under Rule 26(c)(1) a district court may for good cause "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." While material may be discoverable, courts ordinarily recognize the privacy interests of non-parties, especially potential victims of sexual assault. See, *e.g.*, *McKenzie v. United States Tennis Ass'n Inc.*, No. 6:22cv615-PGB-LHP, 2023 WL 7135319, at *1 (M.D. Fla. Oct. 30, 2023). Accordingly, a protective order for material to be provided in discovery to be used as part of the case, with provisions to ensure the privacy of non-parties, strikes an appropriate balance; it allows the case to be decided fairly and protects non-party interests.

The parties discussed the need for a protective order during the Rule 26 conference. In the course of that conference, the parties agreed that "information concerning a non-party victim of sexual abuse by a former employee of BOP or persons making similar allegations . . . shall only be used for the litigation of this case unless there is a further order of the Court authorizing its use elsewhere, and the identity of any such victim or alleged victim shall not be publicly revealed in any

court filing, hearing, or exhibit without express permission of the Court." ECF 14 at 5-6. The Court adopted this agreement when it ordered that the Rule 26(f) report will control matters it addresses. ECF 15 at 1.

The Plaintiff's motion, ECF 28, is thus an attempt to undo what was already agreed to and ordered by the Court. The government asked Plaintiff's counsel why they were not honoring their agreement. But they gave no answer except to note that non-parties had filed other similar cases and thus their identities were public.

Concerning the identity of non-party alleged victims of sexual abuse, the government has no objection to the Plaintiff referencing public filings in other cases.[3] The government does object to the Plaintiff revealing non-public information produced in discovery in relation to such a person unless the non-party victim of sexual abuse has an opportunity to be heard, say by consolidating the various cases. That may seem overly cautious, but the government thinks it is prudent.

---

[3] The government believes there are 5 other cases and 8 other alleged victims. The undersigned has had preliminary discussions with opposing counsel in this case about consolidation, but not with counsel in the other cases.

The Plaintiff filed a motion for a protective order with the parties' proposed versions of a protective order. The government's version is consistent with the agreement and the Court's scheduling order; the Plaintiff's is not.

The Court entered an order for an expedited response for the government to "explain with supporting legal authority why this Court entering an order following the language of its previous order in *White v. United States* would be an abuse of discretion." ECF 29.

To respond directly, the Court has discretion to alter what it already ordered and to issue the same order as *White*, the order that the government proposed in accordance with the Court's prior scheduling order and the Rule 26 agreement, or no order, and it would probably not be an abuse of discretion under Rule 26(c)(1) whichever course the Court takes. Though the better question, perhaps, is not why something might be an abuse of discretion, but what is the best exercise of the Court's discretion?

The government's view is that sensitive information provided in discovery should be used for the fair determination of that case only and then returned or destroyed. Blanket protective orders are helpful

because when a government entity is working hard to provide responsive information, and has lots of places to look for information, it is burdensome and time consuming to sort through what is sensitive or not. It is better to push it out the door to the other side for fair determination of the case under blanket protection that it will only be used for the case. This Court has entered many orders, in many cases, civil and criminal, to that effect.

The Plaintiff—or more specifically, Plaintiff's counsel—takes a different view; that he should be able to retain everything as sort of an ongoing library about FCI Tallahassee and use sensitive material he got in an earlier case in a future case. This Court has permitted him to do that over the government's objection in such cases. That may or may not be a good idea. But the government is not aware of any authority that it is an abuse of discretion.

A problem, however, is Plaintiff's counsel's attempt to unreasonably exploit the Court's discretion. If material from other cases, which counsel retained with the Court's permission, is relevant to future cases, then the Plaintiff's counsel should disclose an intent to use it under Rule 26(a) in a future case or, at least, not demand

5

production of it under Rule 34, because he already has it. He has made no such disclosures here even though the Plaintiff's first amended complaint asserts all sorts of historical allegations unrelated to Plaintiff which ought to be substantiated under Rule 26 with information counsel already has and insisted on obtaining with the Court's permission.

Instead, Plaintiff's counsel has made overbroad (see Rule 26(b) concerning relevance and proportionality) and unreasonably vague (see Rule 34(b)(1)(A) concerning particularity) discovery requests for things like "[a]ll records relating to other lawsuits or notices of claim relating to abuse by Facility staff from 01/01/2018 to present." That includes cases where the Court has entered protective orders like the one Plaintiff asks for here where Plaintiff's counsel was counsel of record. See, *e.g.*, *Alexander v. United States*, 4:19cv138, ECF 34 (N.D. Fla. Nov. 18, 2019). So, Plaintiff's counsel is expressly asking in discovery for material he already has, including court filings from his own cases, some filings which he made.[4] And, indeed, Plaintiff's

---

[4] When the government objected to this absurd request to, among other things, give Plaintiff's counsel the public docket from his own cases, or attorney/client or work product material for cases spanning the last 7 years, Plaintiff's counsel responded "Defendant's continued boilerplate objections and

6

counsel has expressly stated during conference that he wants to keep sensitive material from earlier cases, that he will not disclose what he thinks is relevant from earlier cases under Rule 26(A), and that he will instead make discovery requests, in this case and probably others, demanding reproduction of the same material under Rule 34 which he already has.

Though the Court was no doubt motivated in issuing earlier orders for efficiency and justice in future matters, the undersigned Assistant U.S. Attorney cannot imagine a more upside-down way to unreasonably burden the other side (though there surely are some presently unimagined) than Plaintiff's attempt to have it both ways; to keep everything every time and demand everything again every time. The Plaintiff's counsel has already declared an intention to file a motion to compel on this very subject for the express purpose of doing exactly that.

Accordingly, the government respectfully requests that the Court

---

refusal to provide a privilege log for responsive records (obviously in addition to any records that were agreed to be excluded) demonstrates Defendant's refusal to acknowledge the wide scope of discovery and shows that a Court Order will be necessary to ensure full compliance with discovery." Nothing about that helps "secure the just, speedy, and inexpensive determination" of this action. See Fed. R. Civ. P. 1.

enter a protective order consistent with its already entered scheduling order and the parties Rule 26(f) agreement; that "information concerning a non-party victim of sexual abuse by a former employee of BOP or persons making similar allegations . . . shall only be used for the litigation of this case unless there is a further order of the Court authorizing its use elsewhere, and the identity of any such victim or alleged victim shall not be publicly revealed in any court filing, hearing, or exhibit without express permission of the Court." There is no good reason to do otherwise.

Alternatively, if the Court determines that the Plaintiff gets to keep material disclosed in this case and use it in others, the government requests that the Court enter an order that the Plaintiff is obliged to disclose under Rule 26(a) material from earlier cases in the possession of her attorney relied on in this case and the government is not obligated to reproduce it under Rule 34. That seems fair. See Fed. R. Civ. P. 1.

Respectfully submitted,

JOHN P. HEEKIN
United States Attorney

*/s Andrew J. Grogan*
ANDREW J. GROGAN
Assistant U.S. Attorney
Northern District of Florida
Florida Bar No. 85932
111 North Adams Street
(850) 942-8430
andrew.grogan@usdoj.gov

**LOCAL RULE 7.1(F) CERTIFICATION**

I certify that this memorandum contains 1637 words, per Microsoft Word's word count, which complies with the word limit requirements set forth in Local Rule 7.1(F).

*/s Andrew J. Grogan*
ANDREW J. GROGAN
Assistant U.S. Attorney