UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KISHA SINGLETARY,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 4:24-cv-478-MW/MAF

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR ORDER FOR PRODUCTION OF RECORDS**

Plaintiff, Kisha Singletary, through counsel, subscribed to a Rule 26 Initial Conference Report (ECF 14), providing in § 5h (Discovery Requirements) that "the identity of any such victim shall not be publicly revealed in any court filing, hearing, or exhibit *without express permission of the Court.*" (*emphasis supplied*.). The Report also provided that "information concerning a non-party victim of sexual abuse" "shall only be used for the litigation of this case unless there is a *further order of the Court* authorizing its use elsewhere." (*emphasis supplied*).

As the Court may note, the agreement in the Report was predicated on "ensur[ing] the privacy of any such individual, ..." (*Id.*). Although the section dealt with the uses of discovery materials, Plaintiff intended (and continues to agree) that the names of non-party victims of sexual abuse should *not* be made public by the parties to this litigation, as agreed to in the Report, while those names are not public. However, a distinction should be made between acts that place the names

of victims of sexual abuse in the public domain, and those that recognize that the victims of sexual abuse have the right to place their own names in the public domain. While the undersigned regrets that this issue was not raised in the motion, it is important to note that circumstances have changed given that several victims have chosen to place their identities into the public domain by filing lawsuits in this Court. Plaintiff would argue that the Court should enter the protective order (ECF 28-1) as prohibiting Plaintiff from publicizing any nonparty victims of sexual assault but permitting Plaintiff to use information and names in the public domain by virtue of the lawsuits that have been filed in this Court by the other victims.

Language like "without express permission of the Court," creates a *non liquet* allowing the Court itself to modify the rule for practical reasons such as that a victim herself has chosen to place her name in the public domain through filing a lawsuit in her own name rather than using initials or "jane doe" placeholders. The Plaintiff has learned the actual names of some victims through their own public filings rather than exclusively through discovery materials from the Defendant.

Here, some victims, including Plaintiff, opt to place their names in the public domain. Thus they are "publicly revealed" insofar as they are filed with the Court. To replace with initials the actual names of victims in the styles of their cases would be an empty formality leading to confusion and unpredictable results. The words of the Rule 26(f) Report allow flexibility to adapt to changed circumstances.

It is not yet known, at least to Plaintiff, how many victims will file lawsuits and how many will choose to use their actual names or alternative placeholders. The Court's Protective Order should allow for continued protection for any who choose to protect their identities and prospective reference to the other cases that have been or will be filed using the actual names of those who have opted to use them.

There is no question that the use of initials or other placeholders for actual names creates limitations on flexibility in the use of evidence. While it may be necessary to protect a victim's privacy, at the point a victim has proclaimed her own identify to the public, it serves no further interest but that of her opposition.

It is a principle of statutory construction that the law should not be construed to lead to an absurd result. The same principle should be applied here. There is a general principle to protect confidentiality. The Court has discretion to alter the rule to accommodate circumstances where confidentiality is not an issue. If Plaintiff's proposed protective order is at variance in any way with the Order on the Rule 26(f) Report, that is all well within the discretion of the Court to resolve.

The Rule 26(f) Report was drafted very early in the case before all the issues the case would raise were completely in view. To the extent necessary, Plaintiff will move to amend the Court's Order on the Rule 26(f) Report to explicitly comport with the Order on Production of Records regarding these issues.

The Absurdity Doctrine, if applied to Defendant's argument, would prohibit

its conclusion. "If a literal construction of the words of a statute be absurd, the act must be so construed as to avoid the absurdity." *Holy Trinity Church v. United States*, 143 U.S. 457, 460 (1892). "When [an act's] meaning has led to absurd or futile results, however, this Court has looked beyond the words to the purpose of the act." *United States v. Am. Trucking Ass'ns*, 310 U.S. 534, 543 (1940).

However, the conflict the Defendant suggests does not exist. This Court has discretion to set a rule and discretion to provide exceptions. The Parties have and should continue to refrain from placing the identities of victims of sexual abuse in the public domain and at the same time should respect the decision of victims of sexual abuse to place their identities in the public domain, should they so choose.

Respectfully submitted on 6/6/2025,   */s/ James V. Cook*
James V. Cook (FBN 0966843)
Law Office of James Cook
314 W. Jefferson Street
Tallahassee, Florida 32301
Tel. (850) 222-8080; (850) 561-0836 fax
cookjv@gmail.com

James M. Slater (FBN 111779)
Slater Legal PLLC
2296 Henderson Mill Rd NE #116
Atlanta, Georgia 30345
Tel. (305) 523-9023
james@slater.legal

*Attorneys for Plaintiff Kisha Singletary*

I CERTIFY pursuant to Local Rule 7.1(F), this document contains 867 words, including headings but exclusive of the case style, signature block and certificates.

*/s/ James Cook*

4