UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**BONNIE HERNANDEZ, et al.,**

*Plaintiffs*,

v.

**UNITED STATES OF AMERICA,**

*Defendant*.

Case No.  4:23cv319-MW/MAF
4:24cv478-MW/MAF
4:25cv186-MW/MAF
4:25cv193-MW/MAF
4:25cv198-MW/MAF
4:25cv201-MW/MAF
4:25cv204-MW/MAF

### GOVERNMENT'S UNOPPOSED MOTION TO CONSOLIDATE AND FOR CONSOLIDATED SCHEDULING ORDER

For the following reasons, under Federal Rule of Civil Procedure 42(a)(2), Defendant United States of America moves to consolidate seven (7) pending lawsuits for discovery and trial based on common questions of law or fact and numerous overlapping witnesses. There is no opposition to the relief sought by this motion. Should the Court agree that consolidation is appropriate, the government further moves for entry of a consolidated scheduling order establishing uniform deadlines and procedures for all seven cases.

### BACKGROUND

This case is brought under the Federal Tort Claims Act ("FTCA") by a former federal prisoner alleging she was sexually abused by a former prison

correctional officer, Lenton Hatten. The case is currently in discovery. The fact discovery deadline is September 22, 2025. ECF 64. Plaintiff's Rule 26 expert disclosures deadline is October 6, 2025. *Id*. Defendant's Rule 26 expert disclosures deadline is November 7, 2025. *Id*. Trial is currently set for March 16, 2026. *Id.*

Since this case was filed, six (6) more lawsuits have been filed in the Northern District of Florida[1] by a total of eleven (11) additional inmates (or former inmates) also alleging they were sexually abused by this individual. Each asserts a negligence claim against the United States pursuant to the FTCA. They are: *Singletary v. United States*, Case No. 4:24cv478-MW/MAF; *Dover, Greene, and Perkins v. United States*, Case No. 4:25cv186-MW/MAF; *Sayers v. United States*, Case No. 4:25cv193-MW/MAF; *Curbello v. United States*, Case No. 4:25cv201-MW/MAF; *Castro and Clark v. United States*, Case No. 4:25cv204-MW/MAF, and *Davis, Neris, and Streeter v. United States*, Case No. 4:25cv198-MW/MAF.

While some cases were randomly assigned to different district judges, they all appear to have been reassigned to Judge Walker in the interest of judicial

---

[1] The United States Attorney's office for the Northern District of Florida has been recused from these matters. Accordingly, the USAO for the Middle District of Florida is responsible for them. AUSAs Fisher and Grogan have been authorized to work under the supervision of the USAO for the Middle District of Florida on these cases.

2

economy, and in accordance with the court's standard procedure for closely related matters.

## ARGUMENT

Consolidation is appropriate under Federal Rule of Civil Procedure 42. A trial court's decision to consolidate similar cases is discretionary. *Fed. Ins. Co. v. Banyon 1030-32, LLC*, Nos. 8:10cv682, 2010 WL 3212119 , at *1 (M.D. Fla. Aug. 12, 2010). As part of exercising its discretion, a trial court should assess:

> [w]hether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985). The Eleventh Circuit has "encouraged trial judges to make good use of Rule 42(a) in order to expedite the trial and eliminate unnecessary repetition and confusion." *Banyon 1030-32,* 2010 WL 3212119, at *1 (quoting *Hendrix*, 776 F.2d at 1495); *see Butler v. Potter*, Nos. 1:07-cv-22-SPM-AK, 1:07cv55-SPM-AK, 1:07cv216-SPM-AK, 2008 WL 1925094, at *4 (N.D. Fla. Apr 29, 2008) ("The Court believes that the remaining causes, *Butler I and II*, should be consolidated under Fed. R. Civ. P. 42(a), as they have a common nucleus of fact, i.e., Plaintiff's termination from employment, and can be handled more efficiently as one

proceeding."). Consolidation will lessen the burden on testifying witnesses, reduce the risk of repetition, and allow all parties, and this Court, to conserve resources. *See West v. Verizon Comms., Inc.*, Nos. 8:08–cv–1325–T–33MAP, 8:08cv1856, 2008 WL 5110401, at *2 (M.D. Fla. Dec. 1, 2008).

As this Court has stated, "efficiency and judicial economy are the guiding lights in this consideration." *Citizens Ins. Co. of the Midwest for deWitt v. Stone*, Case No. 1:16cv56-MW/GRJ, 2016 WL 9275409 at *4 (N.D. Fla. Nov. 30, 2016). Adding the six new lawsuits to this case is a prime example of how consolidation for trial will be more efficient and preserve judicial economy.

All seven cases involve common legal issues. The counts alleged throughout the cases overlap considerably. Because of the overlap in legal issues, it is probable that multiple of the Plaintiffs may be called to testify in each other's cases. Absent consolidation, this would mean each having to be called multiple times in each other's cases.

One can also readily anticipate that several BOP employees' testimony would be needed in each of the cases. This would again create overlap on such potential issues as BOP employee testimony about FCI Tallahassee's PREA compliance, annual refresher training regarding sexual abuse, Mr. Hatten's hiring and supervision, and other policies and procedures in place at FCI Tallahassee. *See Stone*, 2016 WL 9275409 at *4 (Walker, J.) (noting

4

"[c]onsolidating this case with the *deWit* matter furthers those ideals. Both matters arise out of the same incident and involve similar (if not identical) allegations, affirmative defenses, and will likely involve the same witnesses and evidence.").

This significant overlap in the issues presented and the prospective testimony creates a risk of inconsistent adjudications relating to the FTCA claims of negligence claim against the United States.

Finally, consolidation would ease the burden on the parties, the witnesses, and this Court's judicial resources. As already indicated, each trial can be expected to have multiple witnesses, who substantially overlap. "A joint trial is appropriate where there is clearly substantial overlap in the issues, facts, evidence, and witnesses required for claims against multiple defendants." *Eghnayem v. Boston Scientific Corp.*, 873 F.3d 1304, 1313–14 (11th Cir. 2017) (quoting *Allstate Ins. Co. v. Vizcay*, 826 F.3d 1326, 1333 (11th Cir. 2016)). Further, the costs of preparing for one trial as opposed to two (or seven), would greatly reduce the burden on the parties and work to conserve this Court's limited judicial resources. See *Stone*, 2016 WL 9275409 at *4 (Walker, J.) ("For those same reasons, litigating these cases separately would impose on the parties—and the United States taxpayers—unnecessarily excessive costs."). And most of the Plaintiffs have the same counsel. Accordingly, all factors a trial

court considers in evaluating consolidation weigh in favor of consolidation these seven cases.

The minimization of the risk of inconsistent adjudication and the efficiencies to be gained by consolidation will best be gained by the establishment of a consolidated scheduling order for all seven cases.

Accordingly, should the Court agree that consolidation of these seven cases is appropriate, the government further requests the parties to confer regarding deadlines and procedures for the consolidated case and the subsequent entry of a consolidated scheduling order establishing uniform deadlines and procedures for all seven cases.

Accordingly, the government respectfully requests that the Court consolidate these cases for all purposes, designate the lead case, Hernandez, to be the primary case, and require all filings in the consolidated matter in that case.

## LOCAL RULE 7.1(F) CERTIFICATION

I certify that this motion contains complies with the word limit set by the local rules.

## CERTIFICATE OF CONFERENCE

The undersigned certify that they have conferred with opposing counsel in all above cases, and they do not oppose the relief sought in this motion.

Dated: July 14, 2025

                       Respectfully submitted,

                       GREGORY KEHOE
                       United States Attorney

                       */Richard L. Lasseter*
                       LACY R. HARWELL, JR.
                       Florida Bar No. 714623
                       RICHARD L. LASSETER
                       Assistant United States Attorneys
                       Florida Bar No. 0060365
                       400 N. Tampa St., Suite 3200 Tampa, Florida 33602 Tel. (813) 274-6000 Fax (813) 274-6200
                       Randy.Harwell@usdoj.gov
                       Richard.Lasseter@usdoj.gov
                       *Acting Under Authority Conferred by 28 U.S.C. §515*

                       PETER FISHER
                       Florida Bar No. 413010
                       ANDREW J. GROGAN
                       Florida Bar No. 85932
                       Assistant United States Attorneys
                       111 North Adams Street, 4th Floor
                       Tallahassee, FL  32301
                       (850) 942-8430
                       Peter.Fisher@usdoj.gov
                       Andrew.Grogan@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 14, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to the following CM/ECF participants:

>Whitney Untiedt
>Untiedt Daboub
>1600 Ponce De Leon Blvd, 10th Floor
>Coral Gables, FL 33134
>Email: Whitney@udlawyers.com
>
>Jaehyun Oh
>The Jacob D Fuchsberg Law Firm
>3 Park Avenue, 37th Floor
>New York, NY 10016
>Email: J.Oh@fuchsberg.com

>*/s/ Richard L. Lasseter*
>RICHARD L. LASSETER